UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 05-CR-20050-BC

TODD HALSETH
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**
    Does not apply.

**Alternative Findings (A)**
    Does not apply.

**Alternative Findings (B)**
(1)    There is a serious risk that the defendant will not appear.
(2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. Defendant is charged in an Indictment with 47 counts of mail and/or wire fraud. While these charges are felonies, they do not give rise to any of the presumptions in favor of detention contained in the Bail Reform Act. The Government argues that Defendant poses a risk of flight and a risk of harm to the community. Defendant resists, arguing that conditions can be crafted that will reasonably assure the safety of the community and the Defendant's appearance as required.

The Government pointed out that an arrest warrant was requested, in contrast to its usual procedure of notifying a defendant by letter of the arraignment date when a "white collar" crime is charged in an Indictment. However, in every case where a grand jury passes

an Indictment, I am required to issue a warrant for arrest if one is presented, irrespective of the nature of the underlying charge found by the grand jury. Therefore, the fact that a warrant was presented and executed in this case is of no particular moment in and of itself to the issues raised in the motion for detention.

As required by the Bail Reform Act, I next consider whether a condition or any combination of conditions of bond will reasonably assure the safety of the community, or the Defendant's appearance as required. I do this in light of the factors set forth under 18 U.S.C. § 3142(g). As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged does not directly involve narcotic drugs or weapons violations. I do note, however, that the charges passed in the indictment involve allegations of fraud. I find that from the grand jury having passed an indictment, there is probable cause supporting the charge made against the Defendant.

As to the factors set forth in § 3142(g)(3), I note that Defendant is 50 years of age, presently living in Lincoln, Michigan. He is married and has lived at that address for the past six years. He previously lived in the state of Tennessee for ten years. The Defendant lived in Maryland while attending college. Defendant informed Pretrial Services that he is presently self employed as a promoter of a venture capital investments

Defendant reported prior use of cocaine and marijuana, but stated while interviewed by Pretrial Services that he was not using an illegal controlled substances. Defendant has previously attended substance abuse counseling and treatment but has not done so in the last five years. Preliminary urinalysis testing, which testimony indicates is at least 95% accurate, however, indicated positive for both cocaine and opiates. During the hearing, counsel for Defendant stated that Defendant forgot to mention to Pretrial Services that he was taking a prescribed medication, known as

Suboxone. The Pretrial Services officer, a certified substance abuse counselor, testified that she was not familiar with this medication, but that there were legal prescribed medications which could give rise to a positive test result for opiates. She also stated that, from her training and 20 years experience, she was unaware of any legal substance that would give rise to a positive test result for cocaine.

In September 1993, Defendant was charged with worthless checks in Knoxville, Tennessee. The case was dismissed after Defendant made full restitution. In November 1995, Defendant was again charged with worthless checks in Knoxville, and the case was dismissed approximately six months later when restitution was paid. In April 1997, Defendant was charged with drunk driving in Knoxville, pled guilty to reckless driving, paid a $350 fine, and attended required driver's education. Approximately four months later, Defendant was charged with various offenses, including five counts of non-sufficient checks in Knoxville. Defendant pled guilty to the insufficient check charges and was ordered to pay restitution. Two months later, Defendant was charged with fraud, two counts of non-sufficient checks, and probation violation, as well as assault, again in Knoxville. Defendant pled guilty and paid restitution and costs. Eight months later, Defendant was charged with fraud in Knoxville. As a part of an apparent plea bargain, this charge, as well as charges of insufficient checks or fraud, made on June 24 and 26 and July 14, 1998, were all combined. Defendant apparently pled guilty to one or all of these charges and sentenced to make restitution.

In July 1998, Defendant was also charged with theft of over $10,000, theft of over $15,000, and theft of over $1,000. Defendant pled nolo contendere to these charges and was sentenced to one year in jail. At the hearing, counsel for Defendant suggested that all of the Defendant's prior criminal activity consisted of misdemeanors.

3

However, were the Defendant, under Michigan law, charged with theft of over $10,000 or over $15,000, it would be a felony.

In October 2001, Defendant was charged with two counts of worthless checks under $500 and pled guilty to both counts and was sentenced to unsupervised probation, fines, costs, and restitution. Approximately ten months later, Defendant was charged with multiple counts of non-sufficient checks in Alpena County, Michigan. According to the docket in that case, Dkt. No. 03-07761-FY, which in Michigan court procedure normally indicates a felony charge, the Defendant failed to appear for three separate court hearings. Ultimately, Defendant appeared, apparently pled guilty, and was placed on a one-year delayed sentence in May of 2005. While those charges were outstanding, Defendant was charged and pled nolo contendere to misdemeanor controlled substance use in Saginaw and was sentenced to one day in jail, fines and costs, with an apparent deferred sentence of 60 days in jail.

In January 2003, Defendant was charged with theft of property in Hamilton County, Tennessee. Defendant failed to appear, and the case is outstanding at this time to the best of Pretrial Services' knowledge. In June 2003, Defendant was again charged with theft of property, he again failed to appear, and a bench warrant was issued. Ultimately, Defendant's bond was forfeited in February 2004. In January 2004, Defendant was charged with simple possession of drugs in Knoxville, Tennessee. He pled guilty and was sentenced to a jail term, paid fines, and required education in an alcohol treatment program.

In August 2004, Defendant was charged with two counts of theft of property. Fifteen months later, Defendant pled guilty to these charges, paid restitution, and the case was dismissed. At the hearing, counsel for Defendant argued that this is one example of Defendant's efforts to appear in court as required and to attend to the

4

matters filed against him. I fail to see, however, how a 15-month hiatus between the filing of the charges and their disposition is the prompt adjudication or the prompt appearance as required of Defendant.

In April 2005, Defendant was charged with two counts of non-sufficient fund checks in Alpena County, pled nolo contendere to both counts, and was sentenced to fines and costs. Pretrial Services reports that Defendant has no valid driver's license, and while that is not a factor in and of itself in a determination of bail, the Pretrial Services report also notes that Defendant has three failure to appear charges relating to various traffic tickets, and that the Defendant's driver's license was suspended as a result of drug convictions.

I note further that Defendant has two outstanding bench warrants filed against him in Knoxville County, Tennessee, for worthless checks. The warrants are said to have been issued in May of 2005, and counsel for Defendant disputes the existence of these warrants, stating that they were, or should have been, dealt with in the Defendant's earlier described return to the state of Tennessee.

The Federal Bail Reform Act requires that any bond contain those conditions necessary to assure the safety of the community and the defendant's appearance as required at trial. The report of the United States Senate, explaining these provisions, states in part, "The Committee intends that concern about safety be given a broader construction than merely danger of harm involving physical violence." Continued use of drugs also represents a danger to the community. *United States v. Leon,* 766 F. 2d 77 (2d Cir. 1985); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846 (8th Cir. 1986). In addition, at least one case has held that danger to the community can "encompass pecuniary or economic harm" to the community. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992).

5

With the standards of the Bail Reform Act in mind, as well as the guidance of the United States Senate and other case precedent, I conclude that I am unable to craft any condition or combination of conditions that will reasonably assure either the safety of the community or the Defendant's appearance as required at trial.  Defendant has a pattern of failing to appear on numerous occasions.  When the Defendant does appear, it is often months or maybe years after charges are filed.  Defendant is accused of multiple incidents of defrauding individuals.  While he is to be accorded the presumption of innocense at this stage, I cannot conclude that the conduct charged, in light of the Defendant's consistent pattern of convictions for theft and non-sufficient funds, constitutes anything other than danger to the community.

Counsel for Defendant suggested that Defendant could be placed on a tether.  I fail to see how this could be effectual under the circumstances.  Defendant is accused of taking action involving the mail, telephone and wire fraud.  A tether involves the use of a telephone.  I can conceive of no condition of bond that could successfully control the Defendant's behavior, other than his incarceration.  In addition, Defendant appears to be a drug user, first by his own admission, and secondly by virtue of the urinalysis testing which is at least 95% reliable for findings of cocaine during initial testing, a finding for which there is no known legal drug would bring about.

For these reasons, I conclude that the Defendant constitutes a danger to the community and a very definite risk of flight, neither of which I can control through any condition or combination of conditions under the Bail Reform Act.  Accordingly, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal's Service for the purpose of an appearance in connection with a court proceeding.

                                         s/ *Charles E. Binder*
                                         CHARLES E. BINDER
Dated: December 28, 2005             United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Order was electronically filed this date, electronically served on James Brunson and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 28, 2005             By    s/Jean L. Broucek
                                                Case Manager to Magistrate Judge Binder
                                                989-894-8821