UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD HALSETH,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 05-CR-20050
CIVIL CASE NO. 09-CV-14796

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 57)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington (Doc. 59), is the above-entitled motion to vacate Petitioner Todd Halseth's federal custodial sentence, which was filed under 28 U.S.C. § 2255. (Doc. 57.) Respondent submitted a response (Doc. 61) and Petitioner Halseth (hereafter "Halseth") filed a reply. (Doc. 63.) I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Background

Halseth was charged in a Third Superseding Indictment with 160 counts of fraud by means of wire communications in interstate commerce in violation of 18 U.S.C. § 1343 and with 10 counts of fraud by means of the United States Postal Service or other carrier. (Doc. 36.) On November 1, 2006, Halseth pleaded guilty to Counts 110 and 160 of the Third Superseding Indictment pursuant to a Rule 11 plea agreement. (Doc. 37.) On April 25, 2007, Halseth was sentenced and judgment was entered on May 3, 2007, sentencing Halseth to the custody of the Bureau of Prisons ("BOP") to be imprisoned for a term of 97 months. (Doc. 44.) A Notice of Appeal and Certificate of Service of the Notice of Appeal were both filed on May 8, 2007. (Doc. 45, 46.) Halseth's conviction and sentence were affirmed by the Sixth Circuit on September 23, 2008. (Doc. 55.) On December 7, 2009, Halseth filed the instant motion to vacate sentence. (Doc. 57.) Pursuant to the Court's order, the government filed its response on April 21, 2010, and Halseth replied on May 6, 2010. (Doc. 61, 63.)

### C. Governing Law

In order to prevail on a section 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255

is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v.*

*Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### D. Analysis and Conclusions

Halseth challenges his sentence based on a four level enhancement he received because the offense involved at least 50 victims under § 2B1.1(b)(2)(B). Halseth contends that his trial and appellate counsel were ineffective because, although Halseth "was a known cocaine addict" and his state counsel was present, his federal counsel was not present during an interview conducted by state and federal agents where Halseth's answers were used to establish the number of victims under the sentencing guidelines. (Doc. 57 at 1-2.) Halseth claims that his response to a question about investors where he "estimated [that] he could have had 50-70 investor[s]" was erroneously used as the number of victims for purposes of calculating the appropriate guideline range, despite the fact that the number of victims was 39, which is "well below" the number of investors. (Doc. 57 at 2; Doc. 63 at 2.) Halseth highlights the following colloquy quoted from the Pre-sentence Investigation Report ("PSIR") in his counsel's appellate brief, and which was attached to the government's response to this motion:

> During the course of this interview [Halseth] was asked how many people, within the past five years, had invested money with him. [Halseth] responded: 'Well, it's something I've been thinking about a lot lately because, ah . . . fifty, sixty, seventy.' He was asked: 'Okay. So approximately fifty to seventy?' Defendant replied" 'Yeah, and, and, and, ah, the reason I don't have an exact answer . . . I have not prepared, but, but also, yeah, that's that's the answer.'"

(Doc. 61, Ex. 1 at 22.) In addition, Halseth's appellate brief indicated that the PSIR "also stated that the U.S. Attorney's Office had been able 'to provide names/addresses for 39 victims.'" (*Id.*) As indicated by the government and by Halseth's appellate brief, this issue was raised at the trial court level and on appeal. (Doc. 61, Ex. 1 at 25; Do. 61 at 2-3.)

As indicated by both parties, Halseth's defense counsel argued the very issue complained of in this 2255 motion at both the trial and appellate levels. Review of the sentencing transcript and the appellate brief reveals that counsel succinctly and zealously presented the issue to the district court and the sixth circuit. I therefore suggest that counsel's performance was not deficient nor did it fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. I further suggest that Halseth cannot show that he was prejudiced by counsel's conduct in any way, which further precludes relief. *See Lockhart*, 506 U.S. at 369. For all the reasons stated above, I suggest that Halseth's §2255 motion be denied.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the

objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
|  | s/ Charles E Binder |
|  | CHARLES E. BINDER |
| Dated: June 8, 2010 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Todd Halseth #26341-039, Federal Prison Camp, 9595 W. Quincy Ave., Littleton, CO 80123.

| Date: June 8, 2010 | By: s/Patricia T. Morris |
|---|---|
|  | Law Clerk to Magistrate Judge Binder |