UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 05-20050-BC;09-14796-BC

v.                                                          Honorable Thomas L. Ludington

TODD L. HALSETH,

        Defendant.
                                                /

**ORDER ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTION, DENYING PETITIONER'S MOTION TO VACATE HIS SENTENCE, DENYING PETITIONER'S MOTION FOR A TELEPHONIC STATUS CONFERENCE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Todd L. Halseth entered a guilty plea to two counts of wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to 97 months in prison on April 25, 2007 [Dkt. # 44]. Petitioner filed a timely notice of appeal [Dkt. # 45].[1] On September 23, 2008, the Sixth Circuit Court of Appeals issued an order affirming the district court's judgment without providing any further explanation for the decision [Dkt. # 55]. The mandate from the Court of Appeals was filed on October 29, 2008 [Dkt. # 29]. On December 7, 2009, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion on June 8, 2010 [Dkt. # 64]. Petitioner filed a timely objection to the report on June 17, 2010 [Dkt. # 65].

---

[1] Although Petitioner's guilty plea was entered pursuant to a Rule 11 plea agreement that contained an appeal waiver, because his sentence was above the guideline range he agreed to in the agreement the appeal was permitted.

Petitioner contends that the 97-month sentence was imposed in violation of the Sixth Amendment because he was denied effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, Petitioner challenges this Court's decision to impose a four-level enhancement based on its determination that the offense involved more than fifty victims. U.S.S.G. § 2B1.1(b)(2)(B).[2] The Court's decision was based on the following exchange between Petitioner and investigators:

> Officer: Mr. Halseth, do you have an idea how many people you may have received money from, and we'll just say in the past five years, we'll keep it simple, um, that, that you would have received money from, ah, to either purchase the same types of stocks or shares that, that you've told us about with the Wenzels and so forth, or may have received monies for, for other types of investment purposes? How many people . . . and I'm talking across the nation, I'm not talking . . .
>
> Defendant: Uh huh.
>
> Officer: Just in Michigan.
>
> Defendant: Well, its something I been thinking about a lot lately because, ah . . . fifty, sixty, seventy.

[Dkt. # 61-A]. Petitioner was represented by an attorney who was present at the time he gave the statement. The statement formed the sole basis for this Court's decision to impose a four-level enhancement under U.S.S.G. § 2B1.1(b)(2)(B). Petitioner contends that, had his attorney been effective, the Court would have determined there were thirty-nine victims, the number of people the probation department determined were entitled to restitution, and Petitioner would only have received a two-level enhancement. U.S.S.G. § 2B1.1(b)(2)(A).

Judge Binder concluded in his report that Petitioner's ineffective assistance of counsel claim

---

[2] Petitioner contends he should have received only a two level enhancement for an offense involving more than ten victims but less than 50. U.S.S.G. § 2B1.1(b)(2)(A).

should be denied because Petitioner attorney, Ken Sasse, "argued the very issue complained of in this 2255 motion at both the trial and appellate levels." Sasse "succinctly and zealously presented the issue" and Petitioner cannot show that an error was made by his counsel or that the alleged error prejudiced Petitioner. *Strickland*, 466 U.S. at 687, 694.

Petitioner filed a single objection to Judge Binder's report, emphasizing that there were thirty-nine victims in the restitution order and his attorney should have "clarified" this fact or sought to "suppress" the earlier statement to investigators. The objection is without merit and will be overruled. Petitioner's attorney argued ardently at the sentencing hearing [Dkt. # 51] and on appeal [Dkt. # 61-A] that the number of victims for the purposes of sentencing should be based on the number of victims identified in the restitution order. He repeatedly emphasized that there were only thirty-nine victims identified in the restitution order. Nevertheless, both the district court and the Sixth Circuit rejected the argument. There is no evidence that Mr. Sasse's presentation of the argument was ineffective. Moreover, a suppression motion would not have aided Petitioner's argument at the sentencing hearing—even if such a motion were effective—because the exclusionary rule generally does not apply at sentencing. *United States v. Jenkins*, 4 F.3d 1338, 1344 (6th Cir. 1993). There is no evidence that Petitioner's counsel was ineffective or that Petitioner was prejudiced by his counsel's alleged errors. *Strickland*, 466 U.S. at 687, 694. Accordingly, Judge Binder's report will be adopted, Petitioner's objection will be overruled, and the motion to vacate will be denied.

Petitioner may appeal this Court's determination only if he receives a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A habeas

petitioner makes a "substantial showing of the denial of a constitutional right" when he demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Petitioner's claims.  As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Judge Binder's report [Dkt. # 64] is **ADOPTED**.

It is further **ORDERED** that Petitioner's objection [Dkt. # 65] is **OVERRULED**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence [Dkt. # 57] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for a telephonic status conference [Dkt. # 68] is **DENIED** because Petitioner has not demonstrated such a conference is necessary.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 21, 2011

---

**PROOF OF SERVICE**
The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Todd Halseth #26341039, at Florence Federal Correctional Institution, Inmate Mail/Parcels, PO Box 5000, Florence, CO 81226 by first class U.S. mail on April 21, 2011.
s/Tracy A. Jacobs
TRACY A. JACOBS

---